Kathleen Murphy v. Commissioner.
Murphy v. Commissioner
Docket No. 6249-69.
United States Tax Court
T.C. Memo 1971-175; 1971 Tax Ct. Memo LEXIS 152; 30 T.C.M. (CCH) 749; T.C.M. (RIA) 71175; July 26, 1971, Filed Allan D. Hill, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined the following deficiencies in petitioner's income tax for the calendar years 1966 and 1967: Year
Deficiency
Sec. 6651(a)I.R.C. 1954
Additions to TaxSec. 6653(a) I.R.C.1954
Sec. 6654(a)I.R.C. 1954
1966
$ 2,362.00
$ 386.84
1967
22,625.38
5,656.35
$1,131.27
$724.01
The Court has been informed by respondent's counsel that the addition to tax under section 6654(a) was erroneously overstated to the extent of $12.54, and that the correct amount of that addition should *153 be $711.47. The deficiencies were based upon the following adjustments, as explained by the Commissioner in his determination of deficiency: (a) It is determined that you realized interest income in 1966 of $3,427.10 in lieu of $125.60; and $4,145.05 in 1967 in lieu of none, as reported on your income tax returns for those years. Accordingly, your taxable income is increased $3,301.50 for 1966, and $4,145.05 for 1967, as shown below: 1966
1967
Installment sale - Malibu property
$3,301.50
$3,714.18
Saddle Creek Property 0.00
430.87
Increase in taxable income
$3,301.50
$4,145.05
(b) It is determined that you realized long term capital gains in 1966 of $283.13, and $43,615.08 in 1967 which were not reported on your income tax returns for those years. Accordingly, your taxable income is increased $283.13 for 1966, and $43,615.08 for 1967, as shown in Exhibit A. (c) The deduction of $31,431.87 claimed on your 1966 income tax return for interest paid is allowed to the extent of $23,427.62 since you failed to establish that you are entitled to any deduction in excess of $23,427.62. It is further determined that you are allowed an interest deduction *154 in 1967 of $21,346.21 which was not previously claimed by you on any income tax return for that year. Accordingly, your taxable income for 1966 is increased $8,004.25, and decreased $21,346.21 for 1967, as follows: 1966
1967
Amount claimed per re-turn
$31,431.87
$ .000
Amount allowed:
23,427.62
Dean Witter
(8,743.73)
Coast Bank
(529.91)
General Realty
(9,963.29)
Ventnor of Pacific- Partnership
(2,109.28)
Increase (decrease) in taxable income
$ 8,004.25
($21,346.21)
(d) The deduction of $12,116.67 claimed on your 1966 income tax return for taxes paid is allowed to the extent of $866.29 since you failed to establish that you are entitled to any deduction in excess of $866.29. It is further determined that you are allowed a deduction of $5,174.04 in 1967 for taxes previously not claimed. Accordingly, your taxable income is increased $11,250.38 in 1966, and decreased $5,174.04 in 1967, as follows: 1966
1967
Amount claimed per re- turn
$12,116.67
$ 0.00
Amount allowed 866.29
* 5,174.04
Increase (decrease) in taxable income
$11,250.38
[5,174.04)
*155 (e) It is determined that you received dividend income in 1967 in the amount of $14,204.43 after the Section 116 exclusion which you failed to report on any income tax return. Accordingly, your taxable income is increased $14,204.43, computed as follows: Source
Amount
Brokerage statements
$10,721.43
Mills Land
1,333.00
New York Life
1,200.00
Standard Oil
100.00
Western Pacific Gas
450.00
Pacific Hawaiian Products
250.00
Tennessee Gas 250.00
Total
$14,304.43
Less: Dividend exclusion 100.00
Increase in taxable income
$14,204.43
(f) It is determined that you realized income in 1967 from the Edward W. Murphy Trust No. 95-6020887 in the amount of $15,812.76 which you did not report on any income tax return for that year. Accordingly, your taxable income is increased $15,812.76. (g) It is determined that you are allowed personal exemptions in the amount of $1,200.00 for 1967 in accordance with Section 151 of the Internal Revenue Code of 1954. The additions to tax were explained by the Commissioner in the determination of deficiency as follows: Since your income tax returns for the taxable years 1966 and 1967 were not *156 filed within the time prescribed by law and you have not shown that such failure to timely file your returns, was due to reasonable cause, 25 percent of the tax is added as provided by Section 6651(a) of the 1954 Internal Revenue Code. It is determined that part of the underpayment of tax for the taxable year ended December 31, 1967, is due to negligence or intentional disregard of rules and regulations. Consequently, the 5 percent addition to the tax provided by Section 6653(a) is asserted for that year. Since you underpaid your estimated tax for the taxable year ended December 31, 1967, the addition to the tax provided by Section 6654 of the Internal Revenue Code is asserted for that year. The taxpayer's allegations in the petition in their entirety are as follows: 1. Defendant requests the Court to redetermine the defendant's constitutional rights for the years 1966 and 1967, asserted in the notice from the Commissioner of Internal Revenue dated September 12, 1968, copy of which is attached. 2. Defendant's tax returns for the years here involved were filed with the Director of Internal Revenue, Los Angeles, California, and specifically stated that *157 defendant did and would not waive any constitutional rights. 3. Defendant disputes manner in which the Internal Revenue Service is trying to deprive the defendant from enjoying her constitutional rights. 4. The Commissioner has alleged too many conclusions. a. All of these conclusions have been pointed out in current correspondence and previous correspondence. b. The Commissioner has attempted by the original petition to force me to become a plaintiff. (a violation of my constitutional first amendment rights.) 5. Defendant asserts the following facts to support the assignments of errors set out in paragraph 4: a. The Commissioner is attempting to coerce me under duress to acknowledge that I will accept the fine which he has imposed without a jury trial. This is a violation of my constitutional rights as they are guaranteed in Article 1 Section 9 Clause 4 of the constitution. The petitioner failed to appear on Monday, June 28, 1971, at the call of the calendar, after due notice. Thereafter, on the same day, the Court announced that this case was set for trial on Wednesday, June 30, 1971. When the case was called for trial on Wednesday, June 30, 1971, there was no apearance *158 by or on behalf of the petitioner, and the Government moved orally that the case be dismissed for failure properly to prosecute. The Court stated that the motion would be granted and that judgment would be entered against the petitioner in the amounts determined by the Commissioner, as revised downward by his concession in respect of the section 6654(a) addition to tax that was noted above. The Court also indicated, and we now repeat, that the petition fails to allege any facts which, if true, would establish error in any of the adjustments or determinations made by the Commissioner in his notice of deficiency, and it is for that reason as well that Decision will be entered for the respondent in the revised amounts set forth above. 751 Footnotes
*. Property taxes paid to Los Angeles County in 1967.↩